5/22/17

To: Thomas J. Foley, Jr.
Foley Law Firm
PO Box 1108
538 Spruce St., Suite 200
Scranton, PA 18501 – 1108

Attorney Foley,

You asked me, a board certified Occupational Medicine physician, to give an expert opinion regarding the medical care of Margaret Hunter.

Records Reviewed:
1. Pocono Medical Center immediate care, Burtonsville. Dates of service: 5/16/16, 5/20/16, 5/31/16.
2. Pocono Medical Center radiology. Dates of service: 5/16/16, 5/31/16.
3. Wilson Memorial Regional Medical Center emergency department. Date of service 6/2/16
4. Podiatry consultation- Larry Schow. Date of service 6/02/16.
5. Foot Care Center - Dr. Kelly Smith. Dates of service: 6/8/16, 6/22/16, 7/6/16, 8/03/16.
6. Foot Care Center – other non-visit documents.
7. CD: Pocono Medical Center plain x-rays left ankle. Date of service 5/16/16 and 5/31/16.
8. CD: Wilson Memorial Medical Center CT scan of left foot and left ankle: 6/2/16.

Brief Summary of records:

Office visit with Dr. Obeng, 05/16/16. The patient is a 51-year-old female with a work-related injury to the left ankle. She is a construction laborer and was descending a ladder when the base of the ladder gave out, causing her to fall. She fell 7-8 feet, landing on her feet, and had severe pain. She was unable to bear weight at that time, according to Dr. Smith on 6/8/16.

Dr. Obeng initially ordered ankle X-rays. He did not order foot X-rays. He advised Ms. Hunter to do exercises and to use crutches.

Ms. Hunter continued to have severe foot and ankle pain. Yet, her calcaneal fracture was not diagnosed until 15 days after she fell from the ladder.

The CT scan of 6/2/16 showed a comminuted calcaneal fracture, Sanders 2A classification, with the heel in varus and with shortening of the tuber.

She was first evaluated by a podiatrist, Dr. Schow, on 6/2/16. On 6/2/16 Dr. Schow found bruising and swelling of the left foot and ankle. He treated Ms. Hunter's calcaneal fracture with non-weight bearing and advised follow-up with podiatrist Dr. Kelly Smith.

Dr. Kelly Smith followed Ms. Hunter from 6/8/16 forward. On 6/8/16, Dr. Smith recommended surgery but "Due to how long it has been since the injury makes surgical intervention a little more difficult". Ms. Hunter according to the records then declined to undergo surgery. She was treated with a splint, crutches, and non-weight bearing. She gradually resumed weight bearing until 7/13/16. Dr. Smith wrote that she "will most definitely have posttraumatic arthritis and possibly need for a subtalar joint fusion in the future."

Conclusions re: standards of medical care:

Dr. Obeng's actions did not meet the standards of medical care. The reasons for my opinion include but are not limited to:

1) Dr. Obeng did not order foot or calcaneus x-rays during Ms. Hunter's first or second visits with him, despite severe pain and despite the left foot swelling seen on the visit of 5/20/16.

2) Documentation does not show that Dr. Obeng examined Ms. Hunter's left foot during the first visit on 5/16/16.

Other conclusions:

1) In my opinion, if Dr. Obeng had performed a proper physical examination on 5/16/16, the calcaneal fracture would not have been missed.

2) Ms. Hunter was advised by Dr. Obeng to bear weight on her injured left foot, more likely than not worsening the fractured calcaneus.

3) The opportunity to perform timely surgical repair of the fracture may have been lost because of the delay in diagnosis.

*[signature]*

Paul Medrek, MD, MPH

Board Certified: Emergency Medicine and Occupational Medicine

License: MA 72091

January 10, 2018
To: Thomas J. Foley, Jr.
Foley Law Firm
PO Box 1108
538 Spruce St., Suite 200
Scranton, PA 18501 – 1108

Attorney Foley,

You asked me, a board certified Occupational Medicine physician, to give an expert opinion regarding the medical care of Margaret Hunter.

Records Reviewed:
1. Deposition of Dr. Richard Kennedy on 9/7/17.
2. Deposition of Dr. Pete Obeng on 9/7/17
3. Interview with Margaret Hunter on 6/16/16

A written request for left ankle x-rays was sent to Dr. Kennedy in the Radiology Department on May 16, 2016. The written request for the left ankle x-rays stated only: "W/C injury to left ankle." The x-ray request form did not communicate to the Radiology Department that Mrs. Hunter was having 10/10 pain, and on examination had limping and swelling around the left ankle.

Dr. Kennedy indicated in his deposition that he was not alerted to the fact that there was a fall from a ladder or that Mrs. Hunter landed on her feet. Dr. Kennedy missed the fracture of the calcaneus on the May 16, 2016 left ankle x-rays. Dr. Kennedy indicated that the lack of a better description of Mrs. Hunter's mechanism of injury might have contributed to his missing the calcaneus fracture on the x-rays.

Conclusion:

Dr. Obeng's actions did not meet the standard of medical care with regard to communication with the Radiology Department on May 16, 2016.

The reasons for my opinion include but are not limited to:

1. Dr. Obeng did not ensure that an adequate description of Mrs. Hunter's mechanism of injury was written on the x-ray request form.

2. Dr. Obeng did not ensure that an adequate description of Mrs. Hunter's clinical findings was written on the x-ray request form.

*[signature]* Paul Medrek MDMPH

Paul Medrek, MD, MPH

Board Certified: Emergency Medicine and Occupational Medicine

License: MA 72091

1/10/2018

March 13, 2018

To: Thomas J. Foley, Jr.
Foley Law Firm
 PO Box 1108
538 Spruce St., Suite 200
Scranton, PA 18501 – 1108

Attorney Foley,

You asked me, a board certified Occupational Medicine physician, to give an expert opinion regarding the medical care of Margaret Hunter.

Records Reviewed:
1. October 23, 2017, transcription of Videotaped Deposition of Margaret T. Hunter held at the Law Offices of The Foley Law Firm, 538 Spruce Street, Suite 200, Scranton, Pennsylvania.
2. Transcription of interview with Margaret Hunter on June 16. 2016
3. Transcript of video deposition of Pete Obeng, MD taken on Thursday, September 7, 2017, at Lehigh Valley Health Network Pocono, 206 East Brown Street, East Stroudsburg, Pennsylvania.


Facts and Conclusions:

There are important differences between the testimony of Margaret Hunter and the testimony of Dr. Obeng concerning Margaret Hunter's mechanism of injury, including:

> Margaret Hunter testified that she dropped 7 to 8 feet from the ladder, her left foot landing on the ground.

> In contrast to Margaret Hunter's testimony, Dr. Obeng's testimony was that she was "basically to the ground" and twisted her ankle.

Facts regarding the causes of calcaneus fractures include:

> A vertical fall from a height, landing on one's foot is a classic and common cause of a calcaneal fracture.

> A simple twist of the ankle does not cause the type of calcaneus fracture that Margaret Hunter sustained.

Margaret Hunter sustained an acute left calcaneus fracture. My opinion is that of the two different descriptions of the mechanism of injury, the one described by Margaret Hunter in her testimony could have caused her calcaneal fracture. The mechanism of injury described by Dr. Obeng in his testimony could not in my opinion have caused Margaret Hunter's calcaneal fracture.

Page 1 of 2

A proper physical examination of the foot includes inspection, palpation, active range of motion, passive range of motion (including inversion and eversion of the ankle) and in traumatic injuries, stress testing of ligaments, including drawer testing.

> In a typical patient with an acute intra-articular calcaneus fracture, palpation of the hindfoot, drawer testing, active range of motion and passive range of motion are each very painful.

> Dr. Obeng testified that he performed palpation, inversion, eversion, and drawer testing. However, palpation of the hindfoot, inversion, eversion and drawer testing would have been very painful and so would in my opinion have led to a suspicion of foot fracture. Therefore, is it my opinion that Dr. Obeng's physical examination of Margaret Hunter's fractured foot was inadequate, either because: a) it did not include palpation of the hindfoot, inversion, eversion and drawer testing, or b) he ignored the probability of foot fracture after having done palpation, inversion, eversion and drawer testing, each of which would have caused severe pain. Therefore, Dr. Obeng's physical examination of Margaret Hunter's fractured foot in my opinion was inadequate and did not meet the standard of care.

Dr. Obeng's actions did not meet the standards of medical care in the following ways:

1) In my opinion, Dr. Obeng either did not obtain an accurate history regarding the mechanism of Margaret Hunter's injury, or ignored the possibility of a foot fracture after having obtained a history of falling from a vertical height.
2) Dr. Obeng did not order foot or calcaneus x-rays during Ms. Hunter's first or second visits with him, despite the severe left foot pain, bruising, and the mechanism of injury described by Margaret Hunter in her testimony.
3) Dr. Obeng's physical examination of Ms. Hunter's left foot during the first visit on 5/16/16 and the second visit of 5/20/16 were inadequate to have detected the acute calcaneus fracture.
4) Dr. Obeng's communication with the radiologist was inadequate because it did not provide the radiologist with Margaret Hunter's mechanism of injury and clinical status.

*[signature]*

Paul Medrek, MD, MPH

Board Certified: Emergency Medicine and Occupational Medicine

License: MA 72091

3/13/18

October 11, 2018

Thomas J. Foley, Jr., Esquire
Foley Law Firm
538 Spruce St.
P.O. Box 1108
Scranton, PA 18501-1108

RE: Margaret Hunter

Dear Attorney Foley:

In addition to my prior opinions I expressed on Dr. Obeng not meeting the standards of medical care, I wish to point out that Dr. Obeng's treatment also did not meet the standard of care in the following ways:

1) According to the Work Capacity Form dated 5/16/2016, Dr. Obeng returned Margaret Hunter to work the day following the injury. Further, Dr. Obeng allowed her to drive to and from work from 5-8 hours a day and to sit up to 5-8 hours a day. Driving and sitting are inconsistent with proper medical care of an acutely injured and swollen foot and ankle. This is because a) both involve dependent positioning of the injured body part, and b) severe pain distracts a driver and negatively influences driving safety.

Instead, prudent discharge instructions would have been to restrict Margaret Hunter from working, from sitting for prolonged periods, and from driving.

Dr. Obeng's lack of proper and prudent activity restrictions would have increased the swelling in Mrs. Hunter's left foot and ankle, above and beyond the initial swelling already present from the acute calcaneus fracture. Dr. Obeng's lack of proper and prudent activity restrictions put Margaret Hunter's safety at risk while operating a motor vehicle.

2) Dr. Obeng prescribed ankle sprain rehabilitation instructions for Margaret Hunter to perform. The instructions included advice to range the ankle, put a towel around the injured foot and pull on the ends of the towel, pull on the ankle with rubber tubing, press the injured foot against the other foot, push the injured foot against a wall, loop an exercise band around the injured foot, and press the other foot against the exercise band. These maneuvers were contraindicated in a person with a calcaneus fracture because they would increase the swelling, increase the pain, and likely worsen the fractured calcaneus.

Paul Medrek, MD, MPH
Board Certified: Emergency Medicine and Occupational Medicine

October 11, 2018

Thomas J. Foley, Jr., Esquire
Foley Law Firm
538 Spruce St.
P.O. Box 1108
Scranton, PA 18501-1108

RE: Margaret Hunter

Dear Attorney Foley:

Subsequent to issuing my reports, I received the following reports:

1) Dr. Robert Mauthe of May 10, 2018, and

2) Dr. Edward Zurad of May 15, 2018.

I disagree with the opinion Dr. Zurad expressed with reference to my opinions on Dr. Obeng's treatment of Margaret Hunter. I have not changed my opinions.

Paul Medrek, MD, MPH
Board Certified: Emergency Medicine and Occupational Medicine



**OCCUPATIONAL HEALTH SERVICES**
75 Francis Street
Boston, MA 02115
Neville Clinic *tel.* 1.617.732.6034
Mid Campus Ground Pike  *tel.* 617-732-8501

February 6, 2019

Thomas J. Foley, Jr., Esquire
Foley Law Firm
538 Spruce St.
P.O. Box 1108
Scranton, PA  18501-1108

Re: Margaret Hunter

Dear Attorney Foley:

I have reviewed the supplemental report of Edward Zurad MD of January 14, 2019 and I disagree with Dr. Zurad's interpretations and conclusions.

I have not changed any of my opinions, which have been given to a reasonable degree of medical certainty.

Sincerely,

Paul Medrek, MD, MPH
Board Certified:  Occupational Medicine