**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARET T. HUNTER, and | : | Civil No. 3:17-CV-00007 |
| JOHN P. HUNTER, wife & husband, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD P. KENNEDY, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are four motions in limine filed by Defendants Richard P.

Kennedy, M.D. and Monroe Radiology Imaging, P.C.'s ("MRI Defendants" or

"Defendants") seeking to preclude Plaintiffs from producing certain evidence at

trial.[1]  (Docs. 130, 132, 134, 136.)  For the reasons that follow, the court will deny

the motions.

### FACTUAL BACKGROUND[2]

On May 16, 2016, Plaintiff Margaret T. Hunter ("Plaintiff")[3] fell from a

ladder at her place of employment and injured her left foot.  Plaintiff's ankle

---

[1] The remaining Defendants, Pocono Medical Center, Peter Obeng, M.D., Family Care Center, Inc. t/d/b/a PMC Physician Associates, and PMC Immediate Care Center, have moved to join in all four motions.  (Docs. 161, 162, 163, 164.)  These joinder motions will be granted.

[2] The facts set forth in this brief background section are not in controversy.  Therefore, citations to the record have been omitted.

[3] Two Plaintiffs are involved in this case, Margaret and John Hunter.  The main claim for medical negligence belongs to Margaret Hunter, whereas John Hunter has a derivative loss of

swelled, and she complained of extreme pain.  Her employer sent her to Defendant

PMC Immediate Care Center in Bartonsville, Pennsylvania, where Defendant Peter

Obeng, M.D. ("Dr. Obeng") examined her.  Dr. Obeng ordered x-rays of Plaintiff's

ankle, which were read by Defendant Richard P. Kennedy, M.D of Defendant

Monroe Radiology Imaging, P.C.  Plaintiff alleges that Defendants were negligent

in their examination and treatment of her injury in not recognizing that she had a

calcaneal fracture, that is a heel fracture.[4]  Her complaint seeks damages for pain

and suffering, loss of earnings and loss of earning capacity.  The PMC Defendants

filed four motions in limine, which have been fully briefed, and are ripe for

disposition.

## LEGAL STANDARD

Prior to trial, courts may rule on motions in limine involving the

admissibility of evidence.  Such motions "narrow the evidentiary issues for trial

and … eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of

Educ.*, 913 F.3d 1064, 1069 (3d Cir. 1990).

Generally, relevant evidence is admissible at trial.  Fed. R. Evid. 402.

Evidence is relevant if: "(a) it has any tendency to make a fact more or less

---

consortium claim.  For the sake of convenience, and because she has the principal claim, the
court will refer only to Plaintiff Margaret Hunter in this memorandum.

[4] Plaintiff had fractured her calcaneus or heel bone.  (Doc. 32, ¶ 38).  The parties, at times refer to
it as a fracture or break of the ankle, but this representation appears to be factually inaccurate.

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The court, however, may preclude relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks and citation omitted).

## DISCUSSION

Guided by these standards, the court turns to the motions at issue, which address the following four issues: 1) the admissibility of Plaintiff's medical expenses; 2) exchange of demonstrative evidence; 3) the scope of Plaintiff's expert testimony; and 4) the cumulative opinions of Plaintiff's experts.  (Docs. 130, 132, 134, 136.)  The court will discuss each motion in turn.

### A. Plaintiff's medical expenses (Doc. 130)

Plaintiff incurred various medical expenses allegedly as a result of the Defendant's negligence.  Defendants seek to preclude Plaintiff from introducing the gross medical bills as charged by her medical providers.  (Doc. 130, ¶ 3.)  The

MRI Defendants contend that only the amount of Plaintiff's workers'

compensation lien, $3,731.81, is admissible.  (*Id.*)  Plaintiff opposes the motion in

limine arguing that evidence of the amount of medical expenses actually incurred

is admissible at trial.  (Doc. 201, p. 1.)[5]  After a careful review, the court agrees

with Plaintiff, and the motion will be denied.

In support of their position, the MRI Defendants cite to Pennsylvania's

Medical Care Availability and Reduction of Error Act ("MCARE").[6]  (Doc. 131,

p. 2.)  With regard to collateral sources which have paid for medical expenses,

MCARE provides as follows:

> (a) General Rule. - Except as set forth in subsection (d), a claimant in a medical professional liability action is precluded from recovering damages for past medical expenses or past lost earnings incurred to the time of trial to the extent that the loss is covered by a private or public benefit or gratuity that the claimant has received prior to trial.

> (b) Option.  The claimant has the option to introduce into evidence at trial, the amount of medical expenses actually incurred, but the claimant shall not be permitted to recover for such expenses as part of any verdict except to the extent that claimant remains legally responsible for such payment.

40 Pa. Stat. Ann. § 1303.508.  Subsection (d) provides various exceptions, none of

which are relevant here.

---

[5] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[6] As we are sitting in diversity, the substantive law of Pennsylvania applies.  *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tomkins*, 304 U.S. 64, 78 (1938)).

According to Defendants, allowing Plaintiff to admit gross medical bills into evidence would contravene the purposes of MCARE.  (Doc. 131, pp. 2–6.)  The court disagrees.  The plain language of subsection (b) allows for the admission of the amount of medical expenses actually incurred.  *See Cleaver v. United States*, No. 08-425, 2012 WL 912729, at *2 (W.D. Pa. Mar. 15, 2012) (explaining that "[a] plain reading of the MCARE Act indicates that Plaintiff herein shall be permitted to introduce into evidence the total amount of past medical expenses he actually incurred.").  Thus, this motion in limine will be denied.

## B. Exchange of demonstrative evidence (Doc. 132)

The second motion in limine filed by the MRI Defendants seeks to require the parties to exchange any documents, photographs or other demonstrative evidence to be utilized during opening statements prior to trial.  (Doc. 132.)  The MRI Defendants explain their position as follows: "Because no evidence would have been admitted at the time of opening statements, the parties should be required to exchange any demonstrative evidence which will be utilized during opening statements with each other so as to avoid any improper presentation of direct evidence to the jury before such evidence has been deemed permissible and admitted at trial by this Honorable Court."  (*Id.* ¶ 9.)

In opposition to the motion, Plaintiff points out that by the time of the pretrial conference all evidence will have been exchanged between the parties,

thus, this motion should be moot in that regard.  (Doc. 190.)  Plaintiff objects to

Defendants' motion to the extent that the motion can be deemed to seek a copy of

Plaintiff's opening statement itself, or the PowerPoint presentation to be used

during the opening.  (*Id.* at 2–3.)

      The court agrees with Plaintiff.  Extensive motions in limine have been filed

regarding what evidence is admissible at trial.  Prior to the pretrial conference all

evidence will have been exchanged between the parties.  No need exists for

Plaintiff to specifically notify Defendants as to what evidence will be referenced in

Plaintiff's opening statement.  Furthermore, no rule requires Plaintiff's counsel to

reveal to Defendants his opening statement or PowerPoint presentation to be used

during opening statements.  The court does not read the motion to be seeking such

evidence, but in an abundance of caution and to alleviate Plaintiff's fear that

Defendant does seek these matters, the court concludes that Plaintiff need not turn

over a copy of the opening argument or a copy of PowerPoint presentation to

Defendants.  Thus, Defendants' motion in limine will be denied.

### C. Scope of the Plaintiff's expert testimony (Doc. 134)

      Next, the MRI Defendants seek to prevent Plaintiff's expert witnesses from

testifying beyond the fair scope of their reports at trial.  (Doc. 134.)  The parties

agree on the general rule that an expert witness is not permitted to testify beyond

the fair scope of his or her expert report.  *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring

experts to provide a written report); Fed. R. Civ. P. 37(c)(1) (prohibiting an expert

from testifying beyond the scope of his or her report unless the failure to include

the information in the report "was substantially justified or is harmless.").   It is

impossible to rule upon testimony, however, which has not yet been presented.

Thus, these issues will best be resolved during trial with an objection if counsel

concludes that an expert is testifying beyond the scope of his or her report.

Accordingly, the motion in limine to limit the scope of Plaintiff's expert witness

testimony is granted to the extent that the limitations on expert testimony will be

observed, however, no pretrial ruling on any specific testimony with regard to this

issue will be rendered until the expert testimony is presented at trial.

### D. Cumulative opinions of Plaintiff's experts (Doc. 136)

The final motion in limine filed by the MRI Defendants deals with

Plaintiff's proposed expert witnesses.  (Doc. 136.)  Plaintiff has indicated that she

seeks to present four medical expert witness, Dr. Carl T. Hasselman, Dr. Paul

Medrek, Dr. Kelly Smith, and Dr. Guido A. LaPorta.  (*Id.* ¶ 4.)  The MRI

Defendants argue that all four of these medical experts present redundant opinions

regarding the element of causation.  (*Id.* ¶ 6.)  The main issue that they opine on is

that Plaintiff missed a window of opportunity to undergo timely surgery because of

the delay in the diagnosis of Plaintiff's calcaneal fracture.  (*Id.* ¶ 7.)  They also

overlap in opinions on whether: Plaintiff further damaged her foot by bearing

weight on it; Plaintiff has an increased risk of arthritis; she will need fusion surgery; and she cannot return to work as a laborer. (*Id.* ¶ 8.)  Defendants move to preclude this cumulative testimony pointing to Federal Rule of Evidence 403. (*Id.* ¶¶ 5, 9.)  Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Plaintiff opposes the motion. (Doc. 195.)  She points out that Dr. Smith is a treating physician and a fact witness who has been deposed twice by the defendants. (Doc. 195, p. 6.)  Additionally, Dr. LaPorta was retained as a rebuttal witness to the defense expert Joseph Daley, DPM. (*Id.* at 10.)  That leaves Plaintiff with two main expert witnesses to present in her main case, Dr. Medrek and Dr. Hasselman.  The expert witness testimony of two witnesses will not necessarily be overly cumulative.  Defendants' motion will therefore be denied.  Plaintiff is cautioned, however, to refrain from presenting needlessly cumulative evidence from these witnesses as such evidence may be restricted at trial if necessary to avoid cumulative presentation to the jury.

## CONCLUSION

For the reasons stated herein, the motions in limine filed by the MRI

Defendants will be denied, but the joinder motions filed by the remaining

Defendants will be granted.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 14, 2020