# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET T. HUNTER, and <br> JOHN P. HUNTER, wife & husband, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD P. KENNEDY, M.D., *et al.*, <br><br> Defendants. | : Civil No. 3:17-CV-00007 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 14th day of July, 2020, upon consideration of the motions in limine filed by Plaintiffs Margaret T. Hunter and John P. Hunter, it is hereby **ORDERED** as follows:

1) The motion to preclude cumulative opinions of the Defendants' purported experts, Doc. 138, is **DENIED**. However, the testimony may be limited at trial if it does become overly cumulative;

2) The motion to preclude reference to Dr. Wolk, Doc. 139, is **DENIED**;

3) The motion to preclude evidence regarding whether Plaintiff Margaret T. Hunter set up the ladder from which she fell, Doc. 140, is **GRANTED**;

4) The motion to preclude Defendants from offering testimony on the standard of care and intervening negligent acts or comparative fault, Doc. 143, is **GRANTED IN PART** in that Dr. Kennedy is precluded from discussing Plaintiffs' contributory negligence at trial. The motion, Doc. 143, is **DENIED** as to all other expert witnesses;

5) The motion to preclude evidence related to worker's compensation benefits, Doc. 146, is **GRANTED**;

6) The motion to preclude mention of unemployment compensation benefits, Doc. 147, is **GRANTED**;

7) The motion to preclude evidence of "sham" funding employment set up by the worker's compensation carrier, Doc. 148, is **GRANTED**;

8) The motion to preclude reference to Plaintiff Margaret T. Hunter's union status, Doc. 149, is **GRANTED**;

9) The motion to preclude expert opinion in radiology and foot surgery by Robert Mauthe, MD, Doc. 150, is **DENIED**.  However, the final decision regarding the admissibility of Dr. Mauthe's testimony is reserved for trial;

10) The motion to preclude evidence of income from Two Brothers Logging, Doc. 151, is **DENIED**;

11) The motion to limit the scope of the Defendants' expert testimony, Doc. 152, is **GRANTED** to the extent that the limitations on expert testimony will be observed, however, the court refrains from ruling on any specific testimony prior to trial;

12) The motion to exclude the testimony of defense expert witness Terry Leslie, Doc. 153, is **GRANTED** to the extent that Terry Leslie is precluded from discussing evidence the court has found inadmissible.  Defendants are instructed to inform Terry Leslie of any rulings on motions in limine that may limit his testimony so that he does not testify as to anything that has been precluded.  The motion, Doc. 153, is **DENIED** in all other respects without prejudice to Plaintiffs raising appropriate objections at trial;

13) The motion to preclude reference to the Plaintiff Margaret T. Hunter's motor vehicle, Doc. 154, is **GRANTED** as unopposed, without prejudice to Defendants revisiting this issue at trial if Plaintiffs open the door to such evidence;

14) The motion to preclude evidence regarding pre-existing medical conditions, Doc. 155, is **GRANTED**;

15) The motion to exclude testimony from Dr. Joseph Daley and Dr. Keith Wapner on the potential success of surgery, Doc. 156, is **DENIED**;

16) The motion in limine to exclude evidence from Dr. Gibson, Doc. 157, is **DENIED**;

17) The motion to preclude evidence of smoking, Doc. 158, is **DENIED**;

18) The motion to exclude reference to contributory negligence, Doc. 159, is **DENIED**; and

19) The motion to preclude mention at trial of Robert Grob, D.O., Doc. 160, is **DENIED**.  If, however, Defendants mention Dr. Grob, any reference to worker's compensation shall be omitted.

                                         s/Jennifer P. Wilson  
                                         JENNIFER P. WILSON  
                                         United States District Court Judge  
                                         Middle District of Pennsylvania