## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET T. HUNTER and JOHN P. HUNTER, Wife & Husband | : CIVIL ACTION – LAW<br>: (FILED ELECTRONICALLY)<br>: |
| vs. | : 3:17-CV-00007-JMM<br>: |
| RICHARD P. KENNEDY, M.D.; MONROE RADIOLOGY IMAGING, P.C.; POCONO MEDICAL CENTER; PETER OBENG, M.D.; FAMILY CARE CENTERS, INC. t/d/b/a PMC PHYSICIAN ASSOCIATES; and PMC IMMEDIATE CARE CENTER | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANTS, RICHARD P. KENNEDY, M.D. AND MONROE RADIOLOGY IMAGING, P.C.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF SMOKING EVIDENCE

AND NOW, come the Responding Defendants, Richard P. Kennedy, M.D. and Monroe Radiology Imaging, P.C., by and through their counsel, Weber, Gallagher, Simpson, Stapleton, Fires & Newby, LLP, and hereby respond in opposition to Plaintiff's Motion for Reconsideration of Smoking Evidence. In support thereof, the Responding Defendants aver as follows:

1-5. Denied. The averments herein constitute legal conclusions to which no response is required.

6. Denied. The averments herein contain characterizations of the deposition testimony. Said deposition transcripts are documents in writing, which speak for themselves, and therefore, no response is required.

7. Denied. The averments herein are addressed to Defendants other than the Responding Defendants and therefore, no response is required.

8-10. Denied. The averments herein constitute legal conclusions to which no response is required.

11-13. Denied. The averments herein constitute legal conclusions to which no response is required. By way of further answer, this Honorable Court appropriately held the following in relation to smoking evidence in the July 14, 2020 Memorandum on Plaintiffs' Motions in Limine:

> Plaintiff has a history of smoking which Defendants intend to include evidence of at trial. (Doc. 158.) Plaintiff has filed a motion in limine to exclude any evidence of smoking as irrelevant. (*Id.*) With regard to the medical malpractice at issue, Plaintiff argues that the two-week delay in diagnosing her calcaneal fracture caused several problems, including the loss of the window of opportunity to have surgery. (*See id.*) Defendants, however, point out that the fact that Plaintiff is/was a smoker is relevant as to the window of opportunity to undergo surgical repair of her foot injury. (Doc. 196, pp. 38–44.) Generally, surgery is held off until the swelling of the area has gone down, and swelling purportedly takes longer to reduce in smokers. (*Id.* at 40–41.) Plaintiff's own physician, Dr. Smith, even testified that smoking could create a delay in the reduction of swelling. (Doc. 196-7, pp. 13–14.) Smith also testified, as did Dr. Medrek, that smoking could generally cause healing problems. (*Id.* at 13–14, 20–21.)

> Moreover, plaintiff seeks damages for a permanent injury. When a permanent injury is at issue, the jury, if it awards damages, must consider the plaintiff's life expectancy. *Klaus v. Taylor*, 710 A.2d 1142, 1143–44 (Pa. Super. Ct. 1998). Plaintiff's life expectancy may be affected by the fact the she is a smoker. (Doc. 196, pp. 42–44.) Thus, the evidence that Plaintiff is a smoker is relevant. Plaintiff claims that the evidence is overly prejudicial, but she does not develop this argument or provide any reason why it would be overly prejudicial. In fact, the law provides for admission of evidence of a plaintiff's arguably more prejudicial evidence such as drug and alcohol abuse in determining life expectancy. *Klaus*, 710 A.2d at 1145. Accordingly, Plaintiff's motion to exclude evidence that she was or is a smoker will be denied.

See Doc # 228, pgs. 29-30.

Further, Plaintiffs filed nineteen separate motions in limine in anticipation of the pre-trial conference in this matter. After filing the initial Motion in Limine to exclude any evidence of smoking and/or contributory negligence, Plaintiffs then filed a Sur Reply to Defendants' Responses, a March 10, 2020 supplemental correspondence on smoking evidence, and a 45-page Sur Reply brief in support of the Motion in Limine on smoking evidence. In the Court's Memorandum on Plaintiffs' motions in limine, the Court noted the following:

> Prior to the date of the pretrial conference the parties filed and brief voluminous motions in limine. The pretrial conference was again rescheduled on February 12, 2020 to April 6, 2020. The court's order indicated that as the motion in limine deadline had passed, no extensions to that deadline would be granted. Despite the briefing deadline having passed, there being no provision in the court's order for "reply" or "sur-reply" briefs, and the page limitation provided by the court, Plaintiff has continued up through May 19, 2020, to file briefs regarding the motions in limine. For example, on March 10, 2020, Plaintiff filed a twenty-page reply brief regarding the instant

3

> motion. This brief was filed twenty-two days after the last filed opposition brief regarding this motion. Plaintiff did not seek leave to file a reply brief, to file a reply at such a late date, or to exceed the page limitation. Similarly, Plaintiff filed a forty-five-page reply brief on May 20, 2020, regarding her motion in limine on evidence of smoking/contributory negligence. Out of consideration of the parties, **the court has reviewed the briefs.** However, Plaintiff is instructed to follow further orders of the court. Any further documents filed in derogation of court orders will not be considered.

See Doc #228, footnote on pgs. 27-28 (citations omitted, emphasis added).

The arguments presented in Plaintiffs' instant motion were presented in all four prior filings on Plaintiffs' Motion in Limine to exclude smoking evidence. Even though Plaintiffs failed to seek leave to file said briefs and/or to exceed the page limitation, the Court specifically noted that it reviewed all filings. Thus, the Court has already considered Plaintiffs' arguments and made its rulings. Plaintiffs are simply attempting to re-litigate matters that have already been decided.

    14-15. Denied. The averments herein are addressed to Defendants other than the Responding and therefore, no response hereto is required. By way of further answer, the averments herein contain characterizations of the deposition testimony. Said deposition transcripts are documents in writing, which speak for themselves, and therefore, no response is required.

    16-24. Denied. The averments herein contain characterizations of the deposition transcripts and medical records. Said medical records are documents in writing, which speak for themselves, and therefore, no response hereto is required.

25-28. Denied. The averments herein constitute conclusions of law to which no response is required. By way of further answer, the Motion at issue is related to evidence of Plaintiff's smoking, not Plaintiff's delay in seeing an orthopedic specialist.

29-31. Denied. The averments herein contain characterizations of the deposition testimony. Said deposition transcripts are documents in writing, which speak for themselves, and therefore, no response hereto is required.

32-33. Denied. The averments herein constitute conclusions of law to which no response is required.

34-41. Denied. The averments herein constitute conclusions of law to which no response is required. By way of further answer, the Court appropriately ruled that Plaintiff's history of smoking is relevant to the window of opportunity to undergo surgical repair of her foot injury. As the Court noted, Plaintiff's own physician, Dr. Smith, testified that smoking could create a delay in the reduction of swelling. Surgery is generally delayed until swelling of the area at issue has gone down. Further, both Dr. Smith and Dr. Medrek testified that smoking could cause healing problems. See Doc #228.

42. Denied. The averments herein constitute conclusions of law to which no response is required. By way of further response, Plaintiffs fail to cite any case law to support the assertion that evidence has to be presented to show that Plaintiff

knew that smoking might cause swelling. The obvious dangers of smoking to one's health are common knowledge.

43-46. Denied. The averments herein constitute conclusions of law to which no response is required.

47-48. Denied. The averments herein contain characterizations of the deposition testimony. Said deposition transcripts are documents in writing, which speak for themselves, and therefore, no response hereto is required.

49-71. Denied. The averments herein constitute conclusions of law to which no response is required.

                    Respectfully submitted,

                    **WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

                    By:   /s/ Ryan R. McBride

| | |
|---|---|
| | Eugene P. Feeney, Esquire |
| 201 Penn Avenue | ID# 56965 |
| Suite 400 | efeeney@wglaw.com |
| Scranton, PA 18503 | Ryan R. McBride, Esquire |
| (570) 961-2099 | ID# 306834 |
| (570) 961-2074 (fax) | rmcbride@wglaw.com |
| | |
| | Attorney for Defendants, |
| | Richard P. Kennedy, M.D. |
| Date: 8/21/20 | Monroe Radiology Imaging, P.C. |

# CERTIFICATE OF SERVICE

I, Ryan R. McBride, Esquire, hereby certify that a true and correct copy of the foregoing **Response in Opposition to Plaintiffs' Motion for Reconsideration of Smoking Evidence, Brief in Support thereof and Proposed Order**, was electronically filed in the U.S. District Court for the Middle District of Pennsylvania using the ECF System and was served upon counsel listed below in accordance with the Notice of Electronic Filing:

| | |
|---|---|
| Thomas J. Foley, Jr., Esquire | Howard S. Stevens, Esquire |
| Michael J. Foley, Esquire | Kimberly G. Krupka, Esquire |
| Terrence R. Nealon, Jr., Esquire | Nicholas Sandercock, Esquire |
| The Foley Law Firm | Sarah K. Hart, Esquifre |
| 538 Spruce Street | Gross McGinley |
| Suite 200 | 33 South Seventh Street |
| P.O. Box 1108 | P.O. Box 4060 |
| Scranton, PA  18501-1108 | Allentown, PA  18105 |
| *For Plaintiffs* | *For Defendants, Pocono Medical Center, Peter Obeng, M.D., Family Care Center, Inc. T/D/B/A Pmc Physician Associates and PMC Immediate Care Center* |

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By:   /s/ Ryan R. McBride

201 Penn Avenue
Suite 400
Scranton, PA  18503
(570) 961-2099
(570) 961-2074 (fax)
Date: 8/21/20

Eugene P. Feeney, Esquire
ID# 56965
efeeney@wglaw.com
Ryan R. McBride, Esquire
ID# 306834
rmcbride@wglaw.com