**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARET T. HUNTER and | : | |
| JOHN P. HUNTER, Wife & | : | CIVIL ACTION – LAW |
| Husband | : | (FILED ELECTRONICALLY) |
| | : | |
| vs. | : | 3:17-CV-00007-JMM |
| | : | |
| RICHARD P. KENNEDY, M.D.; | : | |
| MONROE RADIOLOGY | : | JURY TRIAL DEMANDED |
| IMAGING, P.C.; POCONO | : | |
| MEDICAL CENTER; PETER | : | |
| OBENG, M.D.; FAMILY CARE | : | |
| CENTERS, INC. t/d/b/a PMC | : | |
| PHYSICIAN ASSOCIATES; and | : | |
| PMC IMMEDIATE CARE | : | |
| CENTER | : | |

**BRIEF IN SUPPORT OF DEFENDANTS, RICHARD P. KENNEDY, M.D.
AND MONROE RADIOLOGY IMAGING, P.C.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
SMOKING EVIDENCE**

**I.    MATTER BEFORE THE COURT:**

Before this Court is Plaintiffs' Motion for Reconsideration of Smoking

Evidence and Defendants' Response thereto.

**II.    QUESTION PRESENTED:**

**Should this Honorable Court deny Plaintiffs' Motion for
Reconsideration?**

**Suggested answer: Yes.**

III.    <u>**COUNTER STATEMENT OF FACTS:**</u>

Plaintiffs initiated this civil matter by filing a Complaint in the Middle

District of Pennsylvania on or about January 3, 2017. <u>See</u> Doc #1.

A Pre-Trial Conference was scheduled to take place on February 18, 2020

with pre-trial motions in limine being due before that time. Thus, the parties filed

various motions in limine. Plaintiffs, alone, filed nineteen motions in limine,

including a Motion in Limine to exclude any evidence of smoking and/or

contributory negligence. <u>See</u> Doc #158.

Thereafter, Defendants filed Responses to Plaintiffs' Motions. In response to

Defendants' filings, on or about March 3, 2020, Plaintiffs filed a Sur Reply to

Defendants' Responses in relation to the Motion on smoking evidence. <u>See</u> Doc

#206. On or about March 10, 2020, Plaintiffs also sent correspondence to the Court

in support of their Motion on smoking evidence. <u>See</u> Doc #210. Plaintiffs then

filed a corrected Sur Reply on their Motion in Limine on smoking evidence on or

about May 19, 2020. <u>See</u> Doc #223. Therefore, Plaintiffs have filed four separate

filings in relation to the Motion in Limine to exclude any evidence of smoking

and/or contributory negligence.

The Court ruled on said Motion or about July 14, 2020. Concerning smoking

evidence, the Court appropriately held the following:

Plaintiff has a history of smoking which Defendants intend to include
evidence of at trial.  (Doc. 158.)  Plaintiff has filed a motion in limine

to exclude any evidence of smoking as irrelevant. (*Id*.) With regard to the medical malpractice at issue, Plaintiff argues that the two-week delay in diagnosing her calcaneal fracture caused several problems, including the loss of the window of opportunity to have surgery. (*See id*.) Defendants, however, point out that the fact that Plaintiff is/was a smoker is relevant as to the window of opportunity to undergo surgical repair of her foot injury. (Doc. 196, pp. 38–44.) Generally, surgery is held off until the swelling of the area has gone down, and swelling purportedly takes longer to reduce in smokers. (*Id*. at 40–41.) Plaintiff's own physician, Dr. Smith, even testified that smoking could create a delay in the reduction of swelling. (Doc. 196-7, pp. 13–14.) Smith also testified, as did Dr. Medrek, that smoking could generally cause healing problems. (*Id*. at 13–14, 20– 21.)

Moreover, plaintiff seeks damages for a permanent injury. When a permanent injury is at issue, the jury, if it awards damages, must consider the plaintiff's life expectancy. *Klaus v. Taylor*, 710 A.2d 1142, 1143–44 (Pa. Super. Ct. 1998). Plaintiff's life expectancy may be affected by the fact the she is a smoker. (Doc. 196, pp. 42–44.) Thus, the evidence that Plaintiff is a smoker is relevant. Plaintiff claims that the evidence is overly prejudicial, but she does not develop this argument or provide any reason why it would be overly prejudicial. In fact, the law provides for admission of evidence of a plaintiff's arguably more prejudicial evidence such as drug and alcohol abuse in determining life expectancy. *Klaus*, 710 A.2d at 1145. Accordingly, Plaintiff's motion to exclude evidence that she was or is a smoker will be denied.

<u>See</u> Doc #228, pgs. 29-30.

In the Court's Memorandum on Plaintiffs' Motions in Limine, the Court also

noted the following:

Prior to the date of the pretrial conference the parties filed and brief voluminous motions in limine. The pretrial conference was again rescheduled on February 12, 2020 to April 6, 2020. The court's order indicated that as the motion in limine deadline had passed, no extensions to that deadline would be granted. Despite the briefing

deadline having passed, there being no provision in the court's order for "reply" or "sur-reply" briefs, and the page limitation provided by the court, Plaintiff has continued up through May 19, 2020, to file briefs regarding the motions in limine. For example, on March 10, 2020, Plaintiff filed a twenty-page reply brief regarding the instant motion. This brief was filed twenty-two days after the last filed opposition brief regarding this motion. Plaintiff did not seek leave to file a reply brief, to file a reply at such a late date, or to exceed the page limitation. Similarly, Plaintiff filed a forty-five-page reply brief on May 20, 2020, regarding her motion in limine on evidence of smoking/contributory negligence. Out of consideration of the parties, **the court has reviewed the briefs.** However, Plaintiff is instructed to follow further orders of the court. Any further documents filed in derogation of court orders will not be considered.

See Doc #228, footnote on pgs. 27-28 (citations omitted, emphasis added).

Plaintiffs then filed the instant Motion for Reconsideration of Smoking evidence and supporting Brief. See Docs #233 and 234. Defendants now respond in opposition to Plaintiffs' Motion.

## IV.    <u>LEGAL ARGUMENT:</u>

Federal courts have held that motions for reconsideration will only be granted in one of three instances:  "(1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice." <u>Soloff v. Aufman</u>, 2018 U.S. Dist. LEXIS 107894, 2 (E.D. Pa. 2018) (citations omitted). Most notably, courts "may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented." <u>Id.</u> (citations omitted).

4

Further,

> A motion for reconsideration 'addresses only factual and legal matters
> that the Court may have overlooked . . . . It is improper on a motion
> for reconsideration to ask the Court to rethink what [it] had already
> thought through rightly or wrongly.' Because federal courts have a
> strong interest in the finality of judgments, **motions for
> reconsideration should be granted sparingly**.

Id. at 2-3 (citations omitted and emphasis added).

Here, Plaintiffs have failed to establish that there has been any change in controlling law, any new evidence, or any need to correct a clear error of law. Instead, Plaintiffs are simply attempting to rehash issues that have already been presented and decided. All of the arguments presented in Plaintiffs' Motion for Reconsideration and accompanying Brief have already been presented in the four filings on smoking evidence that were reviewed by the Court before making its decision.

In fact, two of the three unpublished cases attached to Plaintiffs' Motion were already extensively addressed in prior filings. Specifically, Plaintiff cited and discussed the Sutch v. Roxborough Mem. Hosp. case in the following filings: (1) Plaintiff's initial Motion in Limine to exclude any Evidence of Smoking and/or Contributory Negligence; (2) Plaintiffs' Sur Reply to Defendants' Responses; and (3) Plaintiffs' Corrected Sur Reply to Defendants' Responses. 2013 Pa. Super. Unpub. LEXIS 2824 (Pa. Super. Unpub. 2013); See Doc # 158, pgs. 15-16, Doc

#206, pg. 25, and Doc #223, pg. 36. Moreover, Plaintiffs sent the Court a March 10, 2020 letter solely to point out and discuss the <u>Macosky v. Udoshi</u> case. 220 A.3d 667 (Pa. Super. Unpub. 2019); <u>See</u> Doc #210. Plaintiffs then again cited the <u>Macosky</u> case throughout Plaintiffs' Corrected Sur Reply to Defendants' Responses. <u>See</u> Doc #223, pgs. 3, 22, 24, 25, 29, 36, and 42. Thus, the Court already reviewed both of these cases before issuing its decision.

Consequently, the only new case is <u>Palar v. Wohlewend</u> case. 160 A.3d 262 (Pa. Super. Unpub. 2017). Plaintiffs attached the <u>Palar v. Wohlewend</u> case to the instant Motion apparently in support of the argument that Plaintiff will be prejudiced by the admission of smoking evidence. However, Plaintiffs again fail to develop the argument that this evidence would be overly prejudicial.

Essentially, Plaintiffs' entire Motion for Reconsideration is simply a lengthy rehashing of arguments that Plaintiffs have presented in the four prior filings on smoking evidence. The Court has indicated that it reviewed all filings before making its decision. Motions for reconsideration should be granted sparingly and only in the event that new law or evidence is discovered and/or when an error of law has been committed. Plaintiffs attempt at re-litigating the smoking evidence issue should consequently be denied and dismissed.

**V.   CONCLUSION:**

Based upon the foregoing, Responding Defendants, Richard P. Kennedy,

M.D. and Monroe Radiology Imaging, P.C., respectfully request that this

Honorable Court deny Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP**

By:   /s/ Ryan R. McBride
          Eugene P. Feeney, Esquire

201 Penn Avenue          ID# 56965
Suite 400          efeeney@wglaw.com
Scranton, PA  18503          Ryan R. McBride, Esquire
(570) 961-2099          ID# 306834
(570) 961-2074 (fax)          rmcbride@wglaw.com

Attorney for Defendants,
Richard P. Kennedy, M.D.
Date: 8/21/20          Monroe Radiology Imaging, P.C.

## <u>CERTIFICATE OF SERVICE</u>

I, Ryan R. McBride, Esquire, hereby certify that a true and correct copy of the foregoing **Response in Opposition to Plaintiffs' Motion for Reconsideration of Smoking Evidence, Brief in Support thereof and Proposed Order**, was electronically filed in the U.S. District Court for the Middle District of Pennsylvania using the ECF System and was served upon counsel listed below in accordance with the Notice of Electronic Filing:

| | |
|---|---|
| Thomas J. Foley, Jr., Esquire | Howard S. Stevens, Esquire |
| Michael J. Foley, Esquire | Kimberly G. Krupka, Esquire |
| Terrence R. Nealon, Jr., Esquire | Nicholas Sandercock, Esquire |
| The Foley Law Firm | Sarah K. Hart, Esquifre |
| 538 Spruce Street | Gross McGinley |
| Suite 200 | 33 South Seventh Street |
| P.O. Box 1108 | P.O. Box 4060 |
| Scranton, PA  18501-1108 | Allentown, PA  18105 |
| *For Plaintiffs* | *For Defendants, Pocono Medical Center, Peter Obeng, M.D., Family Care Center, Inc. T/D/B/A Pmc Physician Associates and PMC Immediate Care Center* |

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By:   /s/ Ryan R. McBride
    Eugene P. Feeney, Esquire
    ID# 56965
    efeeney@wglaw.com
    Ryan R. McBride, Esquire
    ID# 306834
    rmcbride@wglaw.com

201 Penn Avenue
Suite 400
Scranton, PA  18503
(570) 961-2099
(570) 961-2074 (fax)
Date:  8/21/20