| | |
|---|---|
| **GROSS McGINLEY, LLP**<br>BY: HOWARD S. STEVENS, ESQUIRE<br>I.D. No. 42848<br>33 S. 7TH STREET, P.O. BOX 4060<br>ALLENTOWN, PA 18105-4060<br>(610) 820-5450 | **ATTORNEYS FOR DEFENDANTS, POCONO MEDICAL CENTER, PETER OBENG, M.D., FAMILY CARE CENTER, INC. T/D/B/A PMC PHYSICIAN ASSOCIATES AND PMC IMMEDIATE CARE CENTER** |
| MARGARET T. HUNTER and JOHN P. HUNTER, h/w<br><br>              Plaintiffs<br><br>    vs.<br><br>RICHARD P. KENNEDY, M.D., MONROE RADIOLOGY IMAGING, P.C., POCONO MEDICAL CENTER, PETER OBENG, M.D., FAMILY CARE CENTERS, INC. t/d/b/a PMC PHYSICIAN ASSOCIATES AND PMC IMMEDIATE CARE CENTER<br><br>              Defendants | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA<br><br>NO. 3:17-CV-00007<br><br>CIVIL ACTION – LAW<br><br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>TRIAL BY A JURY OF TWELVE MEMBERS AND TWO ALTERNATES DEMANDED |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF SMOKING EVIDENCE

AND NOW COME, Defendants, Pocono Medical Center, Peter Obeng, M.D., Family Care Center, Inc. t/d/b/a PMC Physician Associates and PMC Immediate Care Center ("Responding Defendants"), by and through their attorneys, Gross McGinley, LLP, and hereby respond to Plaintiffs' Motion for Reconsideration as follows:

1-5. Denied. The corresponding averments are denied as conclusions of law to which no response is required.

6. Denied. Responding Defendants deny Plaintiffs' characterization and/or mischaracterization of the referenced deposition testimony which is a writing that speaks for itself and must be considered in its entirety.

7. Denied. Responding Defendants deny Plaintiffs' characterization and/or mischaracterization of the referenced deposition testimony/medica records which are writings that speaks for themselves and must be considered in their entirety. By way of further response, Responding Defendants deny any and all negligence on the part of Dr. Obeng and/or that the inclusion of the clinical history of "fall from a ladder" was necessary or relevant to the evaluation of Plaintiff's imaging studies.

8-10. Denied. The corresponding averments are denied as conclusions of law to which no response is required.

11-13. Denied. The corresponding averments are denied as conclusions of law to which no response is required. However, in the event said response is deemed necessary, the arguments presented in Plaintiffs' instant Motion were all presented in four prior filings, each of which were submitted in support of Plaintiffs' Motion in Limine to preclude evidence of smoking. Additionally, despite the fact that Plaintiffs failed to seek leave to submit their excessive filings and the fact that

Plaintiffs disregarded the Courts' relevant page limitations in their submissions, this Honorable Court specifically noted it considered all of Plaintiffs' filings in making its rulings. Accordingly, Plaintiffs' are attempting to re-litigate a moot issue that has been excessively briefed and decided by the Court. Furthermore, as Plaintiffs' fail to offer any novel facts or law to support the instant motion, it should be denied on its face.

14-15. Denied. Responding Defendants deny Plaintiffs' characterization and/or mischaracterization of the referenced deposition testimony which is a writing that speaks for itself and must be considered in its entirety. By way of further response, Responding Defendants specifically deny that Dr. Obeng and/or his office failed to inform Plaintiff of the necessity of an orthopedic consultation. To the contrary, when informed of said need, Plaintiff informed Dr. Obeng that she wished to seek orthopedic consultation in New York, where she resided.

16-24. Denied. Responding Defendants deny Plaintiffs' characterization and/or mischaracterization of the referenced deposition testimony which is a writing that speaks for itself and must be considered in its entirety.

25-28. Denied. The corresponding averments are denied as conclusions of law to which no response is required. However to the extent that such a response is deemed necessary, Responding Defendants specifically deny the instant Motion is related to Plaintiff's delay in seeking treatment by an orthopedic specialist; rather,

evidence of Plaintiff's smoking is the only issue relevant to the instant Motion.

29-31.  Denied. Responding Defendants deny Plaintiffs' characterization and/or mischaracterization of the referenced deposition testimony which is a writing that speaks for itself and must be considered in its entirety.

32-33.  Denied. The corresponding averments are denied as conclusions of law to which no response is required.

34-41.  Denied. The corresponding averments are denied as conclusions of law to which no response is required. However, to the extent such a response is deemed necessary, the Court appropriately ruled that Plaintiff's history of smoking is relevant to the window of opportunity to undergo surgical repair of her foot injury. As the Court noted, Plaintiff's own physician, Dr. Smith, testified that smoking could create a delay in the reduction of swelling. Surgery is generally delayed until swelling of the area at issue has gone down. Further, both Dr. Smith and Dr. Medrek testified that smoking could cause healing problems. *See* Doc #228.

42.  Denied. The corresponding averments are denied as conclusions of law to which no response is required. However, to the extent such a response is deemed necessary, Plaintiffs fail to cite any case law to support the assertion that evidence has to be presented to show that Plaintiff knew that smoking might cause swelling. The obvious dangers of smoking to one's health are common knowledge.

43-46.  Denied. The corresponding averments are denied as conclusions of

law to which no response is required.

47-48. Denied. Responding Defendants deny Plaintiffs' characterization and/or mischaracterization of the referenced deposition testimony which is a writing that speaks for itself and must be considered in its entirety.

49-71. Denied. The corresponding averments are denied as conclusions of law to which no response is required.

WHEREFORE, Defendants, Pocono Medical Center, Peter Obeng, M.D., Family Care Center, Inc. T/D/B/A PMC Physician Associates and PMC Immediate Care Center, respectfully request that this Court deny Plaintiffs' Motion for Reconsideration in its entirety and enter the form of Order attached hereto.

Respectfully submitted,

GROSS MCGINLEY, LLP

By: *Kimberly G. Krupka*
Kimberly G. Krupka, Esquire
ID# 83071
GROSS McGINLEY, LLP
33 S. Seventh Street ▪ P.O. Box 4060
Allentown, PA 18105-4060
610.820.5450 ▪ 610.820.6006 (Fax)
kkrupka@grossmcginley.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF SMOKING EVIDENCE, was electronically filed in the U.S. District Court for the Middle District of Pennsylvania using the ECF System and was served upon counsel listed below in accordance with the Notice of Electronic Filing:

| | |
|---|---|
| Thomas J. Foley, Jr. Esquire<br>Michael J. Foley, Esquire<br>Terrence R. Nealon, Jr.<br>The Foley Law Firm<br>538 Spruce Street, Suite 200<br>P.O. Box 1108<br>Scranton, PA 18501-1108<br>*for Plaintiffs* | Eugene P. Feeney, Esquire<br>Ryan R. McBride, Esquire<br>Weber Gallagher Simpson Stapleton<br>Fires & Newby, LLP<br>201 Penn Avenue, Suite 400<br>Scranton, PA 18503<br>*for Defendants, Richard P. Kennedy, M.D. and Monroe Radiology Imaging, P.C.* |

                                          GROSS McGINLEY, LLP

                                BY: _____
                                          Tammy Bolzau, Legal Assistant

Date: August 21, 2020

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Gross McGinley, LLP

Signature: *Kimberly G Krupka*

Name: Kimberly G. Krupka, Esquire

Attorney No. (if applicable): 83071