# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET T. HUNTER, *et al.*, | : | Civil No. 3:17-CV-00007 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD P. KENNEDY, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

In advance of the pretrial conference, Plaintiff Margaret T. Hunter and John P. Hunter filed motions in limine, including a motion in limine to preclude evidence that Plaintiff is a smoker.  (Doc. 158.)  The court denied the motion on July 14, 2020, and Plaintiff timely filed a motion for reconsideration on that issue. (Docs. 229, 233.)  The parties have briefed their respective positions, and the motion for reconsideration is ripe for disposition.  For the reasons that follow, **IT IS ORDERED** that the motion, Doc. 233, is **DENIED**.

### BACKGROUND[1]

On May 16, 2016, Plaintiff Margaret T. Hunter ("Plaintiff")[2] fell from a ladder at her place of employment and injured her left foot.  Plaintiff's ankle

---

[1] The facts set forth in this brief background section are not in controversy and are provided merely to provide context.  Therefore, citations to the record have been omitted.

[2] Two Plaintiffs are involved in this case, Margaret and John Hunter.  The main claim for medical negligence arises from an injury sustained directly by Margaret Hunter, whereas John Hunter has a derivative loss of consortium claim.  For the sake of convenience, and because she has the principal claim, we will refer only to Plaintiff Margaret Hunter in this memorandum.

swelled, and she complained of extreme pain.  Her employer sent her to Defendant

PMC Immediate Care Center in Bartonsville, Pennsylvania, where Defendant Peter

Obeng, M.D. ("Dr. Obeng") examined her.  Dr. Obeng ordered x-rays of Plaintiff's

ankle, which were read by Defendant Richard P. Kennedy, M.D of Defendant

Monroe Radiology Imaging, P.C.  Plaintiff alleges that Defendants were negligent

in their examination and treatment of her injury in not recognizing that she had a

calcaneal fracture, that is, a heel fracture.  Her complaint seeks damages for pain

and suffering, loss of earnings, and loss of earning capacity.

## LEGAL STANDARD

A party seeking reconsideration of a district court's order must show either

(1) "an intervening change in the controlling law"; (2) the availability of new

evidence that was not available when the court issued its prior order; or (3) "the

need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's*

*Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)

(*citing North River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d

Cir. 1995)).

Motions for reconsideration "cannot be used to reargue issues that the court

has already considered and disposed of."  *McSparren v. Pennsylvania*, 289 F.

Supp. 3d 616, 621 (M.D. Pa. 2018) (*citing Blanchard v. Gallick*, No. 1:09-CV-

01875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)).  Although a court may

reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005). Motions for reconsideration are not "to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to presently newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The decision of whether to grant a motion for reconsideration is left to the discretion of the district court. *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

Here, Plaintiff seeks reconsideration of a motion in limine regarding an evidentiary issue. Motions in limine "narrow the evidentiary issues for trial and . . . eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1069 (3d Cir. 1990). Generally, relevant evidence is admissible at trial. FED. R. EVID. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

The court, however, may preclude relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

3

wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

"The Federal Rules of Evidence embody a strong and undeniable preference for

admitting any evidence having some potential for assisting the trier of fact."

*Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996)

(internal quotation marks and citation omitted).

Bearing these standards in mind, the court turns to Plaintiff's motion for

reconsideration.

### DISCUSSION

Plaintiff does not allege a change in controlling law or newly available

evidence.  Instead, the briefing on the motion demonstrates that Plaintiff is

asserting that the court made a clear error of law.  After a careful review, the court

disagrees.

The evidence at issue is the fact that Plaintiff, at the relevant time, was a

cigarette smoker.  The court's task at this stage of the proceedings is to determine

if this evidence is relevant, and if it is, whether it should nonetheless be excluded

from evidence due its prejudicial effect.  In the court's July 14, 2020

memorandum, the relevancy of the smoking evidence was described as follows:

> [T]he fact that the Plaintiff is/was a smoker is relevant as to the window
> of opportunity to undergo surgical repair of her foot injury.  Generally,
> surgery is held off until the swelling of the area has gone down and
> swelling purportedly takes longer to reduce in smokers.  Plaintiff's own
> physician, Dr. Smith, even testified that smoking could create a delay

in the reduction of swelling.  Smith also testified as did Dr. Medrek, that smoking could generally cause healing problems.

(Doc. 228, p. 29 (citations omitted).)[3]  Plaintiff indicates that she does not concede the relevance of the evidence for these purposes, but she makes no argument that this evidence is not relevant.  The issue then becomes whether the probative value of the evidence is outweighed by the danger of unfair prejudice.

In support of her position, Plaintiff cites to two cases where smoking was precluded as overly prejudicial.  The first deals with a delayed diagnosis for lung cancer.  *See Palar v. Wohlwend*, No. 530 WDA 2016, 2017 WL 243470 (Pa. Super. Ct. Jan. 20, 2017).  The prejudice found in *Palar* was that the jury may have reduced the plaintiff's damages award on the basis that they believed that a smoker should not be compensated for or deserved lung cancer and the associated suffering.  *Id.* at *8.  Plaintiff also cites to *Sutch v. Roxborough Memorial Hospital*, Nos. 3246 EDA 2012, 3249 EDA 2012, 2013 WL 11250979 (Pa. Super. Ct. Nov. 4, 2013), where again undue prejudice was found regarding a delay in a lung cancer diagnosis.  The danger for unfair prejudice from evidence of smoking is much higher in a case dealing with delay in a lung cancer diagnosis case than in a case such as this one involving delay in diagnosing a broken bone.  These cases do not provide support for Plaintiff's position.

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

The court is not persuaded that there is a serious risk that the jury may believe that Plaintiff deserved to break her heel and should not be compensated for her injury due to her smoking.  "The prejudice against which Rule 403 guards is unfair prejudice—prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found."  *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009).  Plaintiff simply has not alleged this type of prejudice.

Much of Plaintiff's motion and brief are taken up with discussion of using smoking as a factor for comparative or contributory negligence.  As set forth above, however, the relevance of Plaintiff's smoking history relates to the delay in the surgery and healing problems.  The court is confident that counsel will be able to appropriately address and contextualize the issues related to Plaintiff's smoking history in their presentation of this case to a jury without creating a risk of undue prejudice.

## CONCLUSION

Plaintiff has not established that the court has committed a clear error of law. She has not demonstrated that the probative value of the smoking evidence is substantially outweighed by a danger undue prejudice.  She is merely raising the same arguments from her initial motion and brief.  Accordingly, no basis exists to

reconsider the court's prior decision on this issue, and the motion for

reconsideration, Doc. 233, is **DENIED**.  **IT IS SO ORDERED**.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania


Dated: October 1, 2020