# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET T. HUNTER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:17-cv-00007 |
| v. | (SAPORITO, M.J.) |
| RICHARD P. KENNEDY, M.D., et al., | |
| Defendants. | |

## **MEMORANDUM**

This matter is before the court on the plaintiffs' motion to substitute MedPro Group for deceased defendant Richard P. Kennedy, M.D. (Doc. 282). As we write for the parties, we incorporate by reference the factual background in a series of memoranda previously issued by the court. (Doc. 224; Doc. 226; Doc. 228). For the reasons that follow, the court grants the motion in part and denies the motion in part.

In addition to the facts relied upon by this court in issuing memoranda with respect to the various motions in limine, we find several additional facts which inform our decision on the motion before us. The defendant, Richard P. Kennedy, M.D., died on June 20, 2020, survived by his widow, Elaine Rose Kennedy, a resident of Fort Washington,

Pennsylvania. During a telephone conference on March 16, 2021, among counsel for the parties and personal counsel for Elaine Rose Kennedy, counsel for Mrs. Kennedy represented that no one would raise an estate because the estate had no assets and that Dr. Kennedy's assets passed to his surviving spouse, Mrs. Kennedy. After the plaintiffs filed an emergency petition for citation to compel application for letters under 20 Pa. Cons. Stat. Ann. § 3155 with the Register of Wills for Montgomery County, Pennsylvania, Mrs. Kennedy, through the assistance of her counsel, applied for Letters Testamentary on the Estate of Richard P. Kennedy. The Register of Wills granted the application and appointed Mrs. Kennedy as the Executrix of the Estate on March 31, 2021.

It is undisputed that the plaintiffs' claims against Dr. Kennedy survive under 42 Pa. Cons. Stat. Ann. § 8302 and 20 Pa. Cons. Stat. Ann. § 3371. At the time of the alleged negligence in this case, Dr. Kennedy was insured for the claims by Medical Protective Insurance Company (MedPro Group). The plaintiffs maintain that MedPro Group is the real party in interest as it is contractually and statutorily obligated to indemnify the estate of Dr. Kennedy, and therefore should be the proper party substituted for Dr. Kennedy. Alternatively, the plaintiffs request

2

that Mrs. Kennedy be substituted as the proper party for the late Dr. Kennedy.

Counsel for defendants Dr. Kennedy and Monroe Radiology Imaging, P.C. filed a response to the plaintiffs' motion (Doc. 287; Doc. 298) which denies that MedPro Group is the real party in interest and it should not be substituted as a party in place of Dr. Kennedy. Rather, counsel for Dr. Kennedy and Monroe Radiology propose that Mrs. Kennedy, as the executrix of the estate, is the proper substituted party. (Doc. 298, at 5, 7). The remaining defendants have not responded to the plaintiffs' motion to substitute.

The parties have briefed the motion and it is ripe for a decision. (Doc. 288; Doc. 289; Doc. 296; Doc. 299; Doc. 303; Doc. 304).

### III. *Discussion*

Under Fed R. Civ. P. 25(a)(1): "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Here, the motion to substitute was timely

made by the plaintiffs. Thus, the issue before the court is who should be substituted as a party for the late Dr. Kennedy. The decision to substitute parties lies within the discretion of the court. *Rocco v. Bickel*, Civ. No. 1:12-CV-829 2013 WL 4000886 *2 (M.D. Pa., Aug. 5, 2013).

In *Sinito v. U.S. Department of Justice,* 176 F.3d 512, 516 (D.C. Cir. 1999), the Court noted that Fed. R. Civ. P. 25 allows for the substitution of a "successor" for a deceased party, a term which means that a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate. *Id.* Rather, the purpose of Rule 25 is to allow more flexibility in substitution. *Rende v. Kay,* 415 F.2d 983, 984 (D.C. Cir. 1969). As to who may be substituted as a proper party it has been held that in this setting:

> [Under] certain circumstances a person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

*In re Baycol Products Litigation,* 616 F.3d 778, 784–85 (8th Cir. 2010) (citations omitted); *see also Billups v. West*, No. 95 CIV.1146(KMW), 1998 WL 341939 *1 (S.D.N.Y June 26, 1998) ("Pursuant to Rule 25(a)(1)[,] a

4

proper party for substitution is either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made . . . or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate.")

In order to facilitate the substitution process, wherever possible, a suggestion of death should "identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked from those who represent or inherit from the estate." *Rende*, 415 F.2d at 986. Although a formal suggestion of death was not filed here, it is not necessary that a notation of the fact of death be made on the record before a motion for substitution can be made. *Dolgow v. Anderson*, 45 F.R.D. 470 (D.C.N.Y. 1968); *see also Anderson v. Republic Motor Inns, Inc.*, 444 F. 2d 87 (3d Cir. 1971) (Failure to make formal motion was excused where a pretrial memorandum filed within the 90-day period set forth the intention to substitute wife as executrix of deceased plaintiff.) Nevertheless, counsel for the late Dr. Kennedy and Monroe Radiology notified counsel for the plaintiffs of the death of Dr.

5

Kennedy in a telephone conference with the court on February 25, 2021. (Doc. 296, at 1-2.)

"It is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party." *Sinito,* 176 F.3d at 516. In this regard:

> Because the purpose of Rule 25(a)(1) is to protect the estate of the decedent, district courts must ensure only "those individuals who can adequately represent the interests of the deceased party" are substituted under the Rule. *Sinito,* 176 F.3d at 516. District courts should therefore look at the facts and circumstances of each case and then determine whether the person [to be] substitute[d] will sufficiently prosecute or defend the action on the decedent's behalf.

*In re Baycol Products Litig.,* 616 F.3d at 788. Matters of substitution are not defined mechanically by the mere fact that a person is related through blood or marriage to the decedent. *Rocco*, 2013 WL 4000886 at *3; *See also Robertson v. Wood,* 500 F. Supp. 854, 859 (S.D.Ill. 1980) ("Rule 25(a) clearly contemplates appointment of legal representatives, such as an executor or an administrator."). Rule 25(a)'s use of the term "successor" necessarily implies that there is some decedent's estate or interest which remains and as to which the substituted party has

6

succeeded. *Rocco, Id.* Pennsylvania law defines a "personal representative" as "an executor or administrator of any description." 20 Pa. Cons. Stat. Ann. § 102. Here, the plaintiffs have provided the Court with a copy of a Short Certificate of the Register of Wills of Montgomery County, Pennsylvania evidencing that Letters Testamentary on the Estate of Richard P. Kennedy, deceased, were granted to Elaine Rose Kennedy on March 31, 2021. (Doc. 282-2). Thus, there is no question that Mrs. Kennedy, in her capacity as Executrix of the Estate of Richard M. Kennedy, is a proper party for substitution.

These principles control here and lead us to conclude that Mrs. Kennedy, in her capacity as Executrix of the Estate of Richard P. Kennedy, should be substituted as a party defendant in place of Dr. Kennedy. The Pennsylvania Probate, Estates and Fiduciaries Code, 20 Pa. Cons. Stat. Ann. § 3311, et seq., define the powers, duties, rights, and liabilities of a personal representative of a decedent. The Code permits, *inter alia*, the substitution of the personal representative of a deceased party to a lawsuit,[1] the personal representative's right to petition the

---

[1] 20 Pa. Cons. Stat. Ann. § 3372.

court to authorize the settlement of a claim,[2] and the personal representative's broad duty to protect the assets of the estate.

Finally, the plaintiffs represent that they will withdraw the motion to substitute if Mrs. Kennedy is substituted as a party for Dr. Kennedy without objection. (Doc. 303; Doc. 304). It is the court's impression that the defendants do not oppose the substitution of Mrs. Kennedy, as Executrix of the Estate, for Dr. Kennedy.

An appropriate order follows.

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: June 30, 2021

---

[2] 20 Pa. Cons. Stat. Ann. § 3323.