UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET T. HUNTER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:17-cv-00007 |
| v. | (SAPORITO, M.J.) |
| RICHARD P. KENNEDY, M.D., et al., | |
| Defendants. | |

**MEMORANDUM**

This matter is before the court on the plaintiffs' motion for reconsideration of the court's order dated July 14, 2020, which denied the plaintiffs' motion *in limine* to exclude any reference to contributory negligence. (Doc. 313; Doc. 229[1]). For the reasons set forth herein, the motion for reconsideration will be denied *without prejudice* to the plaintiffs raising the issue at the conclusion of the trial testimony.

## I.   *Statement of Facts*

As we write solely for the parties, we incorporate by reference the factual background in a series of memoranda previously issued by the

---

[1] The Order of July 14, 2020, was issued by the Honorable Jennifer P. Wilson of this court. This action was reassigned to the undersigned upon consent of the parties on June 14, 2021. (Doc. 294)

court (Doc. 224; Doc. 226; Doc. 228). In addition to the facts relied upon by this court in issuing its Memorandum addressing the plaintiffs' motion *in limine* to exclude reference to contributory negligence, the thrust of the plaintiffs' instant motion is that we, as a district court, have the inherent power to reconsider prior interlocutory orders. The defendants contend that the plaintiffs' motion should be denied because it is untimely, because the issue was raised in the original motion, and because we cannot overrule an order by a prior judge.<sup>2</sup>

The motion is ripe for disposition.

## II. Legal Standards

Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'"

---

<sup>2</sup> With respect to this last argument, we note that, since the prior ruling, the parties have consented to having these proceedings conducted by a United States magistrate judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. "[o]nce the parties consent to having a case reassigned to a magistrate judge pursuant to § 636(c), the magistrate judge has all the powers which the district court judge had with respect to that case, including the power to alter a prior ruling by the district judge. While exercise of that power may (and should) be a rare occurrence, the power exists*.*" *Fieldwork Boston, Inc. v. United States*, 344 F. Supp. 2d 257, 274 (D. Mass. 2004); *see also Cooper v. Brookshire*, 70 F.3d 377, 378 n.6 (5th Cir. 1995).

*Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

### III. Discussion

In ruling upon the plaintiffs' motion *in limine*, Judge Wilson noted in the margin that "comparative or contributory negligence with regard to the manner in which Plaintiff fell is not at issue in this case." (Doc. 228, at 30 n.12). Also, Judge Wilson observed that the

3

comparative/contributory negligence issues "do not cleanly fit into the motion *in limine* procedure." (*Id*. at 31). Further, Judge Wilson stated that the issue should be "decided after trial." (*Id*.) Her observation that the jury should be instructed on contributory/comparative negligence if the defendants present such evidence is consistent with Pennsylvania law. *Id*. If there is some evidence of contributory negligence, the issue should be submitted to the jury. *Pascal v. Carter,* 647 A.2d 231, 233 (Pa. Super. Ct. 1994). The burden of establishing contributory negligence rests on the defendant. *Id*.

    Here, the plaintiffs seek an order, *in limine,* precluding any allegation of comparative fault for declining an alleged serious and complicated surgery which Mrs. Hunter contends that she perceived as making her condition worse. The issue is more appropriately decided after the evidence is in and where the court could then weigh the testimony to determine whether to charge the jury on contributory negligence or mitigation of damages as suggested by Pa. SSJI (Civ) § 7.100.

    After reading Judge Wilson's memorandum opinion regarding the original motion *in limine*, it appears to the undersigned that

reconsideration of this issue is dependent upon the presence of testimony, or lack thereof, to support a contributory negligence defense at the conclusion of the trial testimony. This is consistent with Pennsylvania law regarding the issue of whether it is reasonable for a plaintiff to decline a surgical procedure. When determining damages for personal injuries in Pennsylvania, it is proper for a jury to consider the failure of the plaintiff to undergo surgery or medical treatment that an ordinarily prudent man would have submitted to under the circumstances in an effort to better his condition. *Bartunick v. Koch*, 170 A.2d 563, 565 (Pa. 1961); *Yost v. Union R.R. Co.,* 551 A.2d 317, 322 (Pa. Super. Ct. 1988) (it was reversible error not to charge the jury on mitigation of damages where plaintiff's own physician testified that, barring complications such as infection, plaintiff's ankle would have been stable if he had undergone recommended surgery and rehabilitation).

    Therefore, we will deny the motion *without prejudice*, and consistent with Judge Wilson's memorandum opinion, we will permit the plaintiffs to raise the issue at the conclusion of the trial testimony.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: November 12, 2021