UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET T. HUNTER, ET AL., <br><br> PLAINTIFFS, <br><br> V. <br><br> RICHARD P. KENNEDY, M.D., ET AL., <br><br> DEFENDANTS. | CIVIL ACTION NO. 3:17-CV-00007 <br><br> (SAPORITO, M.J.) |

# ORDER

**AND NOW**, this 3rd Day of December, 2021, the Court issues the following rulings regarding the objections and motions contained in the deposition transcript of Carl T. Hasselman, M.D. dated August 16, 2021, to be played back by video at the trial:

1. **Pages 20, 27, 33** (Qualifications): The Objections as to standard of care opinions in the fields of occupational medicine and radiology are **SUSTAINED**. Dr. Hasselman is accepted as an expert witness in the field of orthopedics and as to the treatment of Mrs. Hunter.

2. **Page 41** (driving 5 to 8 hours appropriate): The objection that it is beyond the scope of the report or confusing to the jury is **OVERRULED**.

1

3. **Page 42** (following ankle sprain instructions): Objection that it is beyond the scope of the report is **OVERRULED**. The motion to strike (page 43) is **DENIED**. The question and answer are within the fair scope of the report. The 1/16/2018 report mentions Dr. Obeng's diagnosis and instructions to do exercises, weight-bear, and use crutches for comfort.

4. **Page 50** (Mondor sign – blood on bottom of foot, Exhibit 12): The objection that the answer is beyond the fair scope of the report is **OVERRULED**. In the 1/16/2018 report, Dr. Hasselman reviewed all pertinent medical records.

5. **Page 52** (Mondor sign – Exhibit 1-13): The objection that the answer is beyond the fair scope of the report is **OVERRULED**. In the 1/16/2018 report, Dr. Hasselman reviewed all pertinent medical records.

6. **Page 60** (Exhibit 1-19 "in a workday"): The objection that the answer is beyond the fair scope of the report is **OVERRULED**. In the 1/16/2018 report, Dr. Hasselman reviewed all pertinent medical records, including the record from May 31, 2016.

7. **Page 70** (hanging reference "by Dr. Obeng" at line 8): The objection that the answer is nonresponsive is **SUSTAINED**. This appears to have been resolved with a new question on Page 71, at l. 21).

8. **Page 73** (three objections): The first objection "beyond the scope" is **OVERRULED**. The second and third objections ("objection to form") are **OVERRULED**.

9. **Page 74** (should CT scan been ordered – beyond the scope): The objection that the answer is beyond the fair scope of the report is **OVERRULED**. In the 1/16/2018 report, Dr. Hasselman reviewed all pertinent medical records, including that Dr. Obeng ordered X-rays. It is within the fair scope of the report as to what Dr. Obeng should have ordered.

10. **Page 78** (scope and CT scan at Wilson Memorial Hospital 6/2/2016 not disclosed): The CT scan is referenced in Dr. Hasselman's 1/16/2018 report. The objection is **OVERRULED**.

11. **Pages 84-85** (scope and form – appropriate treatment): The objections are **OVERRULED**. The question and answer are within the fair scope of the report. The 1/16/2018 report mentions Dr. Obeng's

diagnosis and instructions to do exercises, weight-bear, and use crutches for comfort.

12. **Page 92** (delay makes surgery more difficult – beyond the scope): The objections are **OVERRULED**. The question and answer are within the fair scope of the report. The 1/16/2018 report mentions the "delay in treatment causing the loss of a "window of opportunity" for surgical fixation.

13. **Page 97-98** (was Mrs. Hunter negligent?): The objection is **SUSTAINED in part** and **OVERRULED in part**. The objection is **SUSTAINED** as to the answer on page 97, at lines 12-13 as follows: *"Mrs. Hunter – there was no negligence on Mrs. Hunter's part."* Same ruling with respect to page 98, at lines 4-5 as follows: *"and she did not breach any – have any negligence whatsoever."* In all other respects the objection is **OVERRULED**. The motion to strike is **GRANTED** only as to those identified excerpts of the testimony above.

14. **Pages 102-03** (beyond the scope): The objections are **OVERRULED**. The questions and answers are within the fair scope of the report. The 1/16/2018 report mentions the surgical reduction and fixation of a Sanders type 2-A calcaneus fracture.

15. **Page 113** (beyond the scope -- X-rays on April 9, 2021, by Dr. Smith):  There are no reports by Dr. Hasselman dated after April 9, 2021.  The records produced do not reflect that Dr. Hasselman reviewed those X-rays.  The last report made by Dr. Hasselman is dated March 25, 2021.  The objection is **SUSTAINED**.

16. **Page 115** (Post traumatic arthritis and plantar fasciitis based on 10/1/2020 MRI):  The last report made by Dr. Hasselman is dated March 25, 2021, and it reflects "the MRI."  That report also states that he reviewed Dr. Smith's notes from June 19, 2020 through December 4, 2020.  Dr. Hasselman has repeatedly opined that the lost opportunity to reduce and fix the fracture resulted in posttraumatic arthritis.  The March 25, 2021, report states that Mrs. Hunter "continues to suffer from . . . plantar fasciitis."  The objection is **OVERRULED**.

17. **Page 116** (Dr. Obeng's failure to meet the standard of care for treatment of a calcaneus fracture).  Dr. Hasselman's reports contain opinions that Dr. Obeng failed to adhere to the treatment of a calcaneus fracture.  The objection is **OVERRULED**.

18. **Page 118** (How would a calcaneal fracture affect joint function acutely? – beyond the scope):  The report of Jan. 16, 2018,

5

references Mrs. Hunter's severe pain with weight-bearing and ambulation. The three visits were referenced. The objection is **OVERRULED**.

19. **Pages 119-126** (continuing objection to beyond the scope): The testimony from Dr. Hasselman was consistent with his reports, and the defendants should have reasonably anticipated the nature of the testimony based on the fair reading of the reports. The objections are **OVERRULED**.

20. **Page 162** (Motion to strike Mr. Foley's comment – on redirect Mr. Foley questions Dr. Hasselman referring him to Dr. Schow's report "DPM"): The motion is **DENIED** as Mr. Feeney asked about the DPM status on cross-examination.

21. **Pages 172-73** (Objection and motion to strike Dr. Hasselman's testimony about greater risk with the surgery delay): The objection is **OVERRULED** and the motion to strike is **DENIED**.

22. **Page 175** (objection to form "patient can be wound up worse"): The objection is **OVERRULED**.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: December 3, 2021