# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET T. HUNTER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:17-cv-00007 |
| v. | (SAPORITO, M.J.) |
| RICHARD P. KENNEDY, M.D., et al., | |
| Defendants. | |

## MEMORANDUM

This matter is before the court on the motion *in limine* to preclude plaintiffs from introducing evidence of any increased loss based upon the union status of plaintiff, Margaret T. Hunter, filed by the defendants Elaine R. Kennedy, Executrix of the Estate of Richard P. Kennedy, M.D., and Monroe Radiology Imaging, P.C. (Doc. 347).

### I. *Statement of Facts*

In their motion, the moving defendants seek to preclude testimony regarding any mention of the union status of plaintiff, Margaret T. Hunter, at the time of trial. The court previously granted the plaintiffs' motion *in limine* to preclude reference to her union status. (Doc. 149; Doc. 228; Doc. 229 ¶8). In the plaintiffs' original motion *in limine* to

preclude reference to her union status, it was averred that Mrs. Hunter no longer belongs to the union and therefore she sought to preclude evidence at the trial that she is no longer a member of the union or that she may have worked for a non-union employer. In their response, all of the defendants indicated that they did not intend to introduce any evidence of Mrs. Hunter's union status. (Doc. 168, at 10; Doc. 196, at 21). However, in ruling upon this motion *in limine*, the court noted in the margin that "[d]efendants argue that the evidence should be admitted at trial if it becomes relevant and Plaintiff opens the door to such evidence. If this occurs at trial, the court can revisit its decision." (Doc. 228, at 17 n.7 (citation omitted)).

## II.  *Legal Standards*

The court incorporates the legal standards set forth in its Memorandum dated July 14, 2020. (Doc. 228, at 3).

## III. *Discussion*

In their supplemental pretrial memorandum (Doc. 336), the plaintiffs submitted the addendum report of Terrence H. Walsh, BA, MSW, CRC, dated November 29, 2021, and the supplemental report of Andrew C. Verzilli, MBA, dated December 3, 2021. The opinions

expressed in both of those reports reference a higher earning wage if Mrs. Hunter joined a union thereby increasing the amount of her future average earnings. (Doc. 336, at 2-5; *see also* Doc. 347-4; Doc. 347-5)).

If the plaintiff introduces this evidence through either Mr. Walsh and/or Mr. Verzilli, it is clear that Mrs. Hunter would thereby "open the door" to her prior union status, or lack thereof. In such event, the defendants will be permitted to introduce evidence at trial regarding Mrs. Hunter's union status. If the plaintiffs do not offer evidence from either Mr. Walsh and/or Mr. Verzilli regarding a union wage, the previous order of the court granting the plaintiffs' motion in limine to preclude reference to Mrs. Hunter's union status shall remain in full force and effect. Thus, we will deny the defendants' motion.

An appropriate order follows.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: January 5, 2022