UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARGARET T. HUNTER and
JOHN P. HUNTER,

    Plaintiffs,

    v.

RICHARD P. KENNEDY, et al.,

    Defendants.

CIVIL ACTION NO. 3:17-cv-00007

(SAPORITO, M.J.)

FILED
WILKES BARRE
JAN 24 2022
PER MS
DEPUTY CLERK

## NOTICE AND ORDER

This action was recently tried before a jury. On January 19, 2022, the jury returned a verdict awarding damages to the plaintiff. The special verdict form included a line-item awarding plaintiff Margaret T. Hunter $300,000 in compensatory damages for future medical expenses.

Following entry of the verdict, the defendants made an oral motion to mold the verdict with respect to future medical expenses, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. At trial, expert testimony had been given, indicating that Ms. Hunter may require additional surgery in the future, and that this surgery and related medical treatment can be expected to cost $80,000 to $100,000. Although some testimony given may have suggested a potential need for additional

surgery or other medical treatment in the future, no other evidence was presented with respect to the reasonable cost of this or any other future medical expenses. Based on this, the defendants argue, the jury's verdict with respect to future medical expenses is unreasonable to the extent it has gone well beyond the evidence of $80,000 to $100,000 in future medical expenses that was presented at trial. Thus, the defendants have moved for a reduction (or remittitur) of the damages award for future medical expenses from $300,000 to $100,000.

We are inclined to agree that the jury's award of $300,000 in future medical expenses is unreasonable on the facts adduced at trial, which may reasonably support a finding of no more than $100,000 in future medical expenses. But because Ms. Hunter has exercised her Seventh Amendment right to a jury trial in this civil action, we lack the authority to simply reduce the amount of the jury verdict to conform it to the evidence presented at trial. *See Hetzel v. Prince William Cty.*, 523 U.S. 208, 211 (1998) (per curiam); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 715–18 (3d Cir. 2010). Rather, as we indicated in this afternoon's telephonic conference with counsel for the parties, we are inclined to conditionally grant the defendants' Rule 59(e) motion for remittitur,

subject to the plaintiffs' agreement to accept the remittitur. If the plaintiff declines to accept the remittitur, we are inclined to deny the defendants' motion and *sua sponte* order a new trial limited to the issue of damages for future medical expenses. *See Hetzel*, 523 U.S. at 211; *Cortez*, 617 F.3d at 715–18; *Wright v. Cacciutti*, No. 3:12-CV-1682, 2015 WL 3654553, at *4–*7, *20–*21 (M.D. Pa. June 11, 2015); *Marsh v. Interstate & Ocean Transp. Co.*, 521 F. Supp. 1007, 1010 (D. Del. 1981). Pursuant to Rule 59(d) of the Federal Rules of Civil Procedure, however, the court is required to give the parties notice and an opportunity to be heard before doing so. This order shall constitute the requisite notice, and the parties will be directed to submit briefs on the issue of a new trial if the plaintiff declines to accept remittitur.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The plaintiffs shall advise the court in a written submission filed **on or before January 31, 2022**, whether they accept remittitur of the jury's verdict and award of damages with respect to future medical expenses, reducing it from $300,000 to $100,000;

2. A ruling on the defendants' oral motion to mold the verdict shall be held in abeyance, pending the plaintiffs' decision with respect to

remittitur;

3. If the plaintiffs decline to accept remittitur with respect to future medical expenses, the parties shall file simultaneous briefs **on or before February 7, 2022**, with respect to whether the court should *sua sponte* order a new trial limited to the issue of damages for future medical expenses;

4. The parties may file responsive briefs **on or before February 10, 2022**; and

5. Absent extraordinary circumstances, there shall be no extensions.

Dated: January 24, 2022

Joseph F. Saporito, Jr.
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge